IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| John E. Wilson, Jr.,<br>*a/k/a John Wilson, SCDC ID # 295493*, | ) C/A: 8 9:13-2107-CMC-BM<br>)<br>) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Sharon Patterson, *Hearing Officer*; South<br>Carolina Department of Corrections, *SCDC,*<br>*Agency*; Robert Ward, *SCDC Director*, | )<br>)<br>) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, a state prisoner in the Lee Correctional Institution of the South Carolina

Department of Corrections ("SCDC") in Bishopville, South Carolina, has filed this Complaint (ECF

No. 1), pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is proceeding pro se and in forma pauperis.

Under established local procedure in this judicial district, a careful review has been

made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---



[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which
Congress provided a private civil cause of action based on allegations of federal constitutional
violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271
(8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority
to deprive individuals of their federally guaranteed rights and to provide relief to victims if such
deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996).  To state a cause of action under
42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal
right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall
v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

§ 1915A[2]; 42 U.S.C. § 1997e (the Prison Litigation Reform Act of 1995 ("PLRA")); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Section1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Additionally, although this Court is required to liberally construe pro se pleadings, holding them to a less stringent standard than those drafted by attorneys; see Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## DISCUSSION

Plaintiff alleges that he was confined to administrative segregation (lock-up) in violation of his procedural due process rights when he was convicted of multiple disciplinary

---

[2] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

2

violations and sanctioned with a total of 720 days of disciplinary detention and 1,080 days of loss of canteen, visitation, and phone privileges, at three different disciplinary hearings conducted by Defendant Patterson, serving as Disciplinary Hearing Officer ("DHO"), during the month of September 2012. See Complaint, ECF No. 1, p. 3. The hearings were held on September 4, 2012, at 11:18 a.m. (at which Plaintiff was found guilty of two violations of 898, possession of communication device, and one violation of 817, possession of contraband); September 4, 2012, at 11:33 a.m. (at which Plaintiff was found guilty of 811, possession of weapon, and 898, possession of communication device); and September 18, 2012, at 9:38 a.m. (at which Plaintiff was found guilty of 817, possession of contraband, and 855, smuggling). See Complaint, ECF No. 1-1, p. 2-4. Plaintiff claims that, in charging him with multiple non-assaultive violations and subjecting him to three disciplinary hearings in one month, Defendants violated SCDC Policy which directs that dispositions of non-assaultive charges are to be limited to one per month. See Complaint, ECF No. 1, p. 3. Plaintiff seeks to be released from administrative segregation, and to be awarded monetary damages. See Complaint, ECF No. 1, p. 5.

As a threshold matter, Plaintiff's Complaint fails to state a plausible claim on which relief may be granted by this Court because the alleged violations of which he complains did not result in the loss of any constitutionally protected liberty interest, such as any accrued "good time" credits, or the imposition on Plaintiff of any atypical and significant hardship in relation to the ordinary incidents of prison life.[3] Plaintiff's claim is that the Defendants violated SCDC policy OP-

---

[3]Under Wolff v. McDonnell, 418 U.S. 539 (1974), minimal due process is required when good time credits are taken away, i.e. (1) 24 hours advance written notice of charges; (2) written statement by factfinder as to evidence relied upon; (3) written statement by factfinder as to reason for disciplinary action taken; (4) opportunity to call witnesses and present documentary evidence,

22.14, <u>see</u> ECF No. 1-1, p. 26, by subjecting him to more than one disciplinary hearing in a month

for a non-assaultive violation.  This allegation does not state a plausible procedural due process

claim, as allegations that prison officials have not followed their own policies or procedures,

standing alone, do not amount to a constitutional violation. <u>See</u> <u>Brown v. Braxton</u>, 373 F.3d 501, 505

(4th Cir. 2004); <u>Riccio v. County of Fairfax, Virginia</u>, 907 F.2d 1459, 1469 (4th Cir.1990); <u>Keeler</u>

<u>v. Pea</u>, 782 F.Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level

of a constitutional violation are not actionable under § 1983); <u>Scott v. Hamidullah</u>, No. 05-3027,

2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing <u>Riccio</u>).  Therefore, Plaintiff's claim that the

Defendants failed to comply with the prison's own voluntary policies and/or procedures does not

state a due process claim.  <u>Pierre v. Ozmint</u>, No. 08-4025, 2009 WL 252090 at * 1 (D.S.C. Feb. 2,

2009)[Dismissing complaint without prejudice and without service of process where Plaintiff's

allegations "that Defendants somehow failed to comply with prison's voluntary grievance procedure

does not state a due process claim."].

   Furthermore, under <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995), a prisoner's limited

right of due process is required *only* in a prison disciplinary action that "imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life," which, in this

circuit, has been held *not* to include: disciplinary detention; segregated confinement; or loss of

---

provided the presentation of such does not threaten institutional safety or correctional goals; (5)
counsel substitute if inmate is illiterate or case is complex; and (6) impartial hearing tribunal. <u>See</u>
<u>O'Bar v. Pinion</u>, 953 F.2d 74 (4th Cir. 1991), <u>Al-Shabazz v. State</u>, 338 S.C. 354, 527 S.E. 2d 742
(2000).



canteen, visitation, and phone privileges.[4] Assignment to disciplinary or administrative segregation does not by it self implicate Fourteenth Amendment due process rights; therefore, no liberty interest appears to have been implicated in Plaintiff's placement in administrative segregation in SCDC's Lee Correctional Institution. See Sandin, 515 U.S. at 483-84; Backey v. South Carolina Dep't. of Corrections, 73 F.3d 356 (4th Cir. 1996) [allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights]; Joseph v. Gillespie, 73 F.3d 357 (4th Cir. 1995) ["Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure."]; Reffritt v. Nixon, 917 F.Supp. 409, 412 (E.D.Va.1996) [plaintiff has no protected interest in remaining in or being released into general population]; Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) ["Segregation is one of the conditions of confinement typically contemplated when a person receives a prison sentence; therefore, it is neither cruel and unusual, nor is it a violation of due process."(citing Meachum v. Fano, 427 U.S. 215 (1976)); Gregory v McKennon, 430 Fed. Appx. 306 at * * 4 (5th Cir. June 22, 2011)[Affirming dismissal where Plaintiff did not implicate a constitutionally protected liberty interest where he was sentenced to segregation and the loss of various privileges after a disciplinary hearing, but alleged no loss of good time credits]; Scott v. Hobbs, No. 12-245, 2013 WL 1662965 at * 3 (E.D.Ark. Apr.

---

[4] See United States v. Alkire, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) [no constitutional right to the use of a phone while in prison]; Goodwin v. Schwartz, C/A No. 8:10-1760-CMC-BHH, 2010 WL 3489092 at * 2, adopted by 2010 WL 3489097 (D.S.C., Sept. 1, 2010) [canteen access is not a protected liberty interest]; Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) [an inmate's commissary restrictions "do not implicate due process concerns"]; White v. Keller, 438 F. Supp. 110, 115 (D. Md. 1977) ["that there is no constitutional right to prison visitation"].



5

1, 2013)[Plaintiff's claim of denial of due process in his disciplinary hearing did not state a constitutional claim because no loss of good time credit]; adopted by, 2013 WL 1662957 (E.D.Ark. Apr. 17, 2013); Crumbley v. Dawson, No. 09-14, 2011 WL 917412 at * 6 (E.D.Tex. Feb. 17, 2011)[No due process violation where disciplinary hearing did not result in loss of a constitutionally protected liberty interest].

Additionally, it is well settled that the placement of inmates into administrative segregation units or similar units is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or jail staff, etc." Jackson v. Bostick, 760 F. Supp. 524, 528 (D. Md. 1991); Anderson v. County of Kern, 45 F.3d 1310, 1312 (9th Cir. 1995) [prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"].    Therefore, administrative segregation is not per se cruel and unusual punishment under the Eighth Amendment. See Allgood v. Morris, 724 F.2d 1098, 1101 (4th Cir. 1984) (segregated protective custody); Ross v. Reed, 719 F.2d 689, 697 (4th Cir. 1983) (administrative segregation).

Finally, while Plaintiff alleges that he pursued seven different grievances concerning the three disciplinary hearings, Plaintiff's Complaint plainly shows that he failed to exhaust his administrative remedies prior to filing this lawsuit, because he only pursued his grievances through Step 2 of the SCDC's grievance process. Complaint, ECF No. 1, p. 3; ECF No. 1-1, p. 5-25. To fully exhaust administrative remedies in a challenge to a sanction imposed by a prison disciplinary conviction, a prisoner must exhaust both steps of the prison grievance process, and appeal the



6

SCDC's Step 2 decision to the South Carolina Administrative Law Court, before the prisoner's administrative remedies may be said to be exhausted.[5]

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

August 19, 2013
Charleston, South Carolina

---

[5] See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007); Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973); see also Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ["Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915[] finding a complaint frivolous." (citation omitted).]

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

